# RAMON GARCIA Y COBINA

## *v.*

# JOSÉ NEVAREZ Y LANDRON ET AL.

EQUITY PLEADINGS—EXCEPTIONS—TAX TITLE.

1. Impertinence in equity pleading includes all matters not material. If evidence is not admissible to support them, they are impertinent.
2. One relying upon a tax title must show that the law has been complied with in its obtention.

March 10, 1904.

*Mr. T. D. Mott, Jr.,* for complainant.

*Mr. W. H. Hawkins,* for defendants.

Holt, Judge, delivered the following opinion:

The amended answer tendered herein on March 7th, 1903, has been withdrawn, and the cause is now submitted on exceptions to the answer only. Both the complainant and the defend-

---

*Taxes—sale—title.* In the following editorial notes the authorities relating to their respective subjects are presented: *Validity of tax sale where nonpayment is due to mistake or negligence of the tax officers,* note to Gould v. Sullivan, 20 L. R. A. 487; *Effect of tax sale on land held by life tenant,* note to Estabrook v. Royon, 32 L. R. A. 805; *Effect on estates in reversion or remainder of a tax sale during the existence of a life estate,* note to Ferguson v. Quinn, 33 L. R. A. 688; *Necessity of immediate payment on a tax sale,* note to Judah v. Brothers, 33 L. R. A. 481.

Porto Rico—33.

ant, by their solicitors, have been heard orally and by brief. There has been much looseness as to pleading in the cause, and the court has been quite indulgent, owing to the equity practice being somewhat unfamiliar to some of the attorneys. The case upon the part of the defendants seems to present a contradiction of the scriptural statement, "In the multitude of counselors there is safety."

The bill is to enforce a debt created by the defendant José Nevarez y Landron, and foreclose the mortgage upon a certain tract of land of some 60 cuerdas. No defense to the debt is presented. The answer, after admitting the existence of the debt and the execution of the mortgage, avers that the defendant José Nevarez y Landron was indebted in a named sum to the municipality of Toa Baja for taxes, for which said land was attached, said municipality claiming priority; that it obtained judgment, declaring that it was entitled to it, and this was confirmed by the supreme court of Porto Rico; that by virtue of this judgment the land was sold under execution, and purchased by one Juan Herrans, and the defendant José Nevarez ordered to execute a deed of sale to him; that said municipality thereupon ordered the cancelation of all mortgages upon said land, the holders of which had not opposed the sale, and who might not oppose the cancelation.

The deed was made to Herrans by José Nevarez on April 7th, 1902, and the latter, on the next day, conveyed it to the defendant Ceferino Nevarez.

The exception is to all of the answer that relates to the taxes and the tax sale, as impertinent. It is not averred that the complainant was a party to the tax proceeding or the alleged order of cancelation of mortgages by the municipality.

Impertinence in equity pleading includes all matter not material; or if material, that it is not within the issues as made;

Garcia y Cobina v. Nevarez y Landron.

or if both material and at issue, consists only in needless repetition, or matters set forth with unnecessary prolixity. The exception must be specific and be good in its entirety. If the matter excepted to as impertinent is pertinent in any respect, the exception will be overruled. Whether matter is impertinent may be tested by whether, if put in issue, evidence would be admissible to support it. The exception is to the new matter attempted to be set up as a defense to the bill. If one relies upon a tax title as a defense, he should aver every fact necessary to show that the statute has been complied with in its obtention. But, waiving the defective character of the pleading and the obscure language used, it does not lie in the mouth of the defendant José Nevarez y Landron to rely upon the alleged tax sale. According to his answer, he now has no interest in the mortgage property. He would not be permitted to offer evidence showing that someone else owned it. Upon his own statement that he is not now the owner, he cannot be prejudiced by the land being sold under foreclosure; and if he be still the owner, then he should submit to it.

The exception is sustained, and all that part of the answer excepted to is ordered to be, and is hereby, stricken out, and the case ordered to proceed.